NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1023
_____

UNITED STATES OF AMERICA

v.

JUAN CARLOS DONE,
                                      Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2-09-cr-00601-001)
District Judge:  Honorable Jose L. Linares
_____

Submitted Pursuant to L.A.R. 34.1(a)
March 3, 2014

Before:  McKEE, *Chief Judge*, AMBRO and JORDAN, *Circuit Judges*

(Opinion Filed:  January 21, 2015)
_____

OPINION∗
_____

McKEE, *Chief Judge*.

Juan Carlos Done appeals the judgment of sentence that was imposed following

his guilty plea. For the reasons that follow, we will affirm.[1]

---

∗ This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**I.**

Done argues that the district court erred by: (i) denying the motion to withdraw the guilty plea; (ii) failing to dismiss because of an alleged violation of his constitutional right to a speedy trial; and (iii) denying his severance motion. Each claim is meritless.

**A. Motion to Withdraw Guilty Plea**

We will reverse the district court's denial of a motion to withdraw a guilty plea only for abuse of discretion.[2] We consider the following factors: "(1) whether the defendant asserts [his] innocence; (2) whether the government would be prejudiced by the withdrawal; and (3) the strength of the defendant's reason to withdraw the plea."[3] Done contends that the Government failed to establish a factual basis for his guilty plea.

The district court acknowledged Done's assertion of innocence, but held that it lacked factual support.[4] Accordingly, the court concluded that his claim of innocence was "an inadequate grounds upon which to premise a motion to withdraw a guilty plea."[5] Done also argued that he "demonstrated a fair and just reason for withdrawing his guilty plea" because there was confusion regarding the underlying charges that he was pleading guilty to because of his counsel's ineffective assistance.[6] The district court also accurately and appropriately assessed the weight of Done's claim and found that it was

---

[1] This court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.
[2] *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001).
[3] *Id.*
[4] App. 203.
[5] *Id.*
[6] *Id.* at 204.

insufficient to sustain his burden of proving ineffective assistance of counsel.[7]  Given

Done's failure "either to make a showing of factual innocence or establish a sufficiently

strong reason for withdrawing his guilty plea," the court found it unnecessary to consider

the prejudice the Government would suffer.[8]  We agree.

"A simple shift in defense tactics, a change of mind, or the fear of punishment are

not adequate reasons to force the government to incur the expense, difficulty and risk of

trying a defendant, who has already acknowledged his guilt before the court."[9]  Although

Done now insists that the Rule 11 hearing was not sufficient to allow the district court to

accept his plea, our examination of the transcript of that hearing convinces us to the

contrary.  The record reflects an extensive colloquy between Done's former attorney,

Rosen, and the Government.[10] Accordingly, the district court did not abuse its discretion

in denying the motion to withdraw the guilty plea.[11]

**B. Appellate Waiver**

---

[7] *Id.* at 206.

[8] *Id.*

[9] *United States v. Jones*, 979 F.2d 317, 318 (3d Cir. 1992), *superseded by statute on other grounds as stated in United States v. Roberson*, 194 F.3d 408, 417 (3d Cir. 1999).

[10] App. 290.

[11] Done also argues that the Government breached the plea agreement when it attempted to deny the two-point reduction for acceptance of responsibility pursuant to United States Sentencing Guidelines Section 3E1.1(a).  However, Done overlooks the language of the plea agreement—specifically in Schedule A, paragraph 7, the Government stated that the two-point reduction was subject to an acceptance of responsibility that "continues through the date of sentencing."  Supp. App. 7.  Done moved to withdraw his guilty plea prior to sentencing which prompted the Government to deny this two-point deduction.  Ultimately, the district court did not accept the Government's argument and kept Done's total Guidelines offense level at 26.

Done contends that the district court erred by refusing to dismiss the prosecution with prejudice based on an alleged speedy trial violation and by denying his motion for severance. The Government correctly notes that these challenges are now barred by terms of the appellate waiver contained in Done's plea agreement.

The plea agreement provided:

> Juan C. Done knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 26.[12]

As the Government correctly notes, if Done wanted to preserve these claims, he should have attempted to negotiate a conditional guilty plea rather than entering an unconditional guilty plea.[13] Since the arguments Done is making are not jurisdictional, they were clearly swept aside by his unconditional plea.[14]

## II.

For the reasons expressed above, we will affirm the denial of the motion to withdraw the guilty plea and the sentence of the district court.

---

[12] Supp. App. 8.

[13] *See* Appellee's Br. at 28 (citing *United States v. Huff*, 873 F.2d 709, 712 (3d Cir. 1989) and Fed. R. Crim. P. 11(a)(2).

[14] *See United States v. Stevens*, 487 f.3d 232, 238 (5th Cir. 2007).